IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **MARCUS MIKELAWIS BAKER** | **PLAINTIFF** |
| V. | Civil Action No. 1:17-CV-00113-GHD-DAS |
| **NANCY A. BERRYHILL,**<br>Acting Commissioner of Social Security | **DEFENDANT** |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This Court has before it a motion to dismiss [9] filed by Defendant. On July 25, 2017, Plaintiff filed a complaint against the Defendant, alleging, as best the Court can tell, that someone was fraudulently using his benefits. Pl. Compl. [1]. The statement of claim contained is otherwise unintelligible. In the complaint, Plaintiff appears to indicate that he wishes to appeal a decision by Defendant concerning his supplemental income benefits.

According to Defendant, in October 2016 the Social Security Administration issued a determination finding Plaintiff was not disabled. Declaration of Office of Disability and Adjudication and Review [10-1] at pg. 2. After requesting a review of that decision, the agency issued a reconsideration determining Plaintiff was still disabled. *Id.* at pg. 3. On July 11, 2017, the agency determined that further review was necessary to make a final determination on the status of Plaintiff's disability. *Id.* Plaintiff then filed this action on July 25, 2015. On November 1, 2017, the agency issued a notice of reconsideration concluding plaintiff was no longer disabled. *Id.* Defendant moves to dismiss this action because Plaintiff had not exhausted his administrative remedies when this suit was filed.

A claimant may only seek judicial review of a *final* decision of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). A decision becomes final only after 1) an initial determination,

2) a reconsideration, 3) a hearing before an administrative law judge, and 4) a review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a)(5)(stating a decision becomes final after claimant completing this four step process).

Plaintiff filed this suit before that process had been completed. Therefore, there is no final decision, and this Court lacks jurisdiction to hear his claims. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S. Ct. 2457, 2466, 45 L.Ed.2d 522 (1975) ("[A] final decision of the [Commissioner] made after a hearing . . . [is] central to the requisite grant of subject-matter jurisdiction"); *see also Sims v. Apfel,* 530 U.S. at 107, 120 S. Ct. at 2083 ("If a claimant fails to request review from the Council . . . . [the] claimant may not obtain judicial review because he has failed to exhaust administrative remedies."). Accordingly, Plaintiff's claims must be dismissed.

IT IS THEREFORE ORDERED that:

1) Defendant's motion to dismiss [9] is GRANTED;

2) Plaintiff's complaint is DISMISSED;

3) This case be CLOSED.

SO ORDERED, this, the 12th day of March, 2018.

SENIOR U.S. DISTRICT JUDGE